```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM F. BANKHEAD,                                              MEMORANDUM & ORDER
                                                                  10-CV-0510 (NGG) (LB)

                                    Plaintiff,

            -against-

NYPD POLICE OFFICER JOHN/JANE
CHU, QUEENS COUNTY DISTRICT
ATTORNEY'S OFFICE, and THE CITY OF
NEW YORK,

                                    Defendants.
------------------------------------------------------------X
```
NICHOLAS G. GARAUFIS, United States District Judge.

Pro se Plaintiff William F. Bankhead[1] brings this action claiming, inter alia, that he was falsely arrested and maliciously prosecuted in violation of his rights under the federal constitution and New York State law. (See Amended Compl. (Docket Entry # 4) ("Complaint") ¶¶ 25-61.)[2] Plaintiff seeks declaratory and injunctive relief, as well as $16.5 million in compensatory and punitive damages. (Compl. ¶ 64.) As set forth below, the court grants Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, dismisses all claims against the City of New York and the Queens County District Attorney's Office, and stays Plaintiff's remaining claims.

---

[1] This is Plaintiff's 17th action in this court since 1999. Plaintiff has been a litigant in at least 40 cases in this Circuit. See Bankhead v. Kuo et al., 05-CV-4443 (E.D.N.Y. Feb. 7, 2005) (setting forth Plaintiff's litigation history in this Circuit); Bankhead v. Lavallee, 430 F. Supp. 156, 157 n.1 (E.D.N.Y. 1977) (describing abusive number of filings challenging a criminal conviction).

[2] Plaintiff's Amended Complaint supersedes and replaces the original complaint filed on February 2, 2010 (Docket Entry # 1.). See Moore v. City of New York, 2009 U.S. Dist. LEXIS 64826, at *1 (E.D.N.Y. July 28, 2009); see also Letter from Plaintiff (February 8, 2010) (Docket Entry # 3) (stating that Plaintiff is "amending [his] complaint to drop defendants & allegations").

1

## I.     BACKGROUND

The following allegations in Plaintiff's Complaint are assumed to be true for purposes of this motion.

Sometime in 2008, Plaintiff's identification papers were either lost or stolen. (Compl. ¶ 8.) Plaintiff was subsequently arrested on a number of outstanding bench warrants and charged with numerous crimes. (Id. ¶ 11.) According to Plaintiff, all the charges were dismissed because the underlying summonses had actually been issued to third parties who had been using his identification documents. (Id. ¶¶ 12-13.)

Following these incidents, Plaintiff began regularly searching court websites for "court posting[s] bearing his name." (Id. ¶ 14.) In November 2009, Plaintiff discovered the existence of a Queens County summons (the "November Summons") issued to a "William Bankhead" for an open-container violation. (Id. ¶ 15.) Plaintiff wrote a letter to the judge on the case explaining that his identity papers had been stolen and that the November Summons was issued to someone else. (Id.) On January 7, 2010, plaintiff was arrested on the Queens County open-container charge while appearing in Kings County Family Court on an unrelated matter. (Id. ¶ 16.) Plaintiff was arraigned in Queens County Criminal Court on January 20, 2010. (Id. ¶ 19.) At the arraignment, the Assistant District Attorney ("ADA") offered Plaintiff an Adjournment in Contemplation of Dismissal, which he refused by saying that he "would rather sue." (Id. ¶ 20.) The Complaint does not offer any further details about the arraignment or its outcome. Plaintiff

filed this Complaint on February 8, 2010, alleging a battery of federal and state claims ostensibly related to the issuance and enforcement of the November Summons.[3]

## II. DISCUSSION

### A. Standard of Review

In reviewing Plaintiff's Complaint, the Court is mindful that the submissions of a pro se litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). Under 28 U.S.C. § 1915 (e)(2)(B), a district court must dismiss an in forma pauperis action that is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

### B. The City of New York

Plaintiff names the City of New York as one of the three defendants to the action. In order to sustain a claim for relief under 42 U.S.C. § 1983 or 42 U.S.C. § 1985 against a municipal defendant, a plaintiff must prove the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978)); Owens v. Haas, 601 F.2d 1242, 1247 (2d Cir. 1979). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy,

---

[3] Plaintiff previously filed an action in this court featuring similar claims of mistaken identity and false arrest and naming defendants in Bronx and New York counties. Bankhead v. Mercandetti, 10-CV-154 (NGG)(LB). That action was transferred to the United States District Court for the Southern District of New York by Order dated January 19, 2010. (Id. Docket Entry # 4.) The court notes that in that action, Plaintiff also named as a defendant an NYPD officer named "Chu," whose listed address was in New York City. In this action, Plaintiff does not provide an address for defendant Chu, so the Court cannot determine if Plaintiff has named the same party in both actions or if venue is proper here.

3

which policy can be attributed to a municipal policymaker." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985). Here, Plaintiff does not allege, and nothing in his Complaint suggests, that any of the allegedly wrongful acts or omissions on the part of the City of New York were attributable to a municipal policy or custom. Thus, Plaintiff's § 1983 and § 1985 claims against the City of New York must be dismissed for failure to state a claim on which relief may be granted.

In addition to his federal claims, Plaintiff asserts numerous state-law claims against the City of New York. These claims are dismissed because Plaintiff has failed to allege that he served a notice of claim on the City of New York pursuant to New York General Municipal Law § 50 et seq. See N.Y. Gen. Mun. Law § 50-e(1)(a) (requiring that a notice of claim be made and served upon a public corporation within ninety days after a claim arises); N.Y. Gen. Mun. Law § 50-i(1)(b) (requiring that a plaintiff plead in his complaint or moving papers that at least thirty days have lapsed since the service of a notice of claim); Febres v. City of New York, 238 F.R.D. 377, 393 (S.D.N.Y. 2006) (plaintiff is required to affirmatively plead in his complaint that he has filed a notice of claim); Burks v. Nassau County Sheriff's Dept, 288 F. Supp. 2d 298, 301 (E.D.N.Y. 2003) (same).

### C. Queens County District Attorney's Office

The Queens County District Attorney's Office is also named as a defendant to this action. The District Attorney's Office is an official arm of the State of New York and any claims against it are barred by the doctrine of state sovereign immunity. Marbley v. Bane, 57 F.3d 224, 233 (2d Cir. 1995) (official arm of a state enjoys the same Eleventh Amendment immunity from suit as the state itself). Plaintiff's claim against the Queens County District Attorney's Office is therefore dismissed for failure to state a claim upon which relief may be granted.

4

To the extent that Plaintiff seeks to hold the ADA in his criminal case liable for money damages in his or her official capacity under § 1983, this claim is also barred by the Eleventh Amendment. See Ying Jing Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993) (district attorneys prosecuting criminal matters are state officials entitled to sovereign immunity); Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (neither states nor state officials acting in their official capacities are "persons" within the meaning of § 1983). To the extent that Plaintiff seeks to hold the ADA liable in his or her individual capacity under § 1983 in connection with the decision to commence the prosecution against him, that claim is barred by the doctrine of absolute prosecutorial immunity. Imbler v. Pachtman, 424 U.S. 409, 430 (1976) ("In initiating a prosecution and in presenting the State's case, [a] prosecutor is immune from a civil suit for damages under § 1983"). Therefore, even under the most liberal reading of the Complaint, any claim for money damages against the ADA in charge of Plaintiff's criminal case is dismissed because it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii).

### D. Officer Chu

Plaintiff also brings claims against "John/Jane Chu," the NYPD officer who allegedly issued the November Summons. Although the court does not see any reason at this time to dismiss the claims against Officer Chu under 28 U.S.C. § 1915(e)(2)(B), the court will stay these claims under the doctrine in Younger v. Harris, 401 U.S. 37 (1971).

There is a "longstanding public policy against federal court interference with state court proceedings" that is grounded in "the notion of 'comity,' that is, a proper respect for state functions." Younger, 401 U.S. at 44. In accordance with these principles, federal courts have broad discretion to withhold relief that would cause "undue interference with state proceedings."

New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 359 (1989). Where the plaintiff seeks primarily money damages, "it is less likely that unacceptable interference with the ongoing state proceeding, the evil against which Younger seeks to guard, would result from the federal court's exercise of jurisdiction." Kirschner v. Klemons, 225 F.3d 227, 238 (2d Cir. 2000). Accordingly, "abstention and dismissal are inappropriate when damages are sought, even when a pending state proceeding raises identical issues . . . ." Id. Instead, the proper course is to "stay . . . the action pending resolution of the state proceeding." Id.

The Complaint indicates that Plaintiff is currently facing a criminal prosecution arising from the allegations contained in the November Summons. (Compl. ¶¶ 19-20.) Although the posture and status of that prosecution is not ascertainable from the Complaint, it is clear that Plaintiff was arraigned in January 2010 and that he refused a plea deal at that time. (Id. ¶ 20.) Because Plaintiff's claims for money damages[4] arise directly out of this prosecution and would require this court to adjudicate matters that Plaintiff could litigate in that proceeding, it is appropriate to stay this action pending resolution of Plaintiff's criminal case.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's claims against the City of New York and the Queens County District Attorney's Office are DISMISSED in their entirety. The remainder of Plaintiff's action is STAYED pending the outcome of Plaintiff's criminal proceeding in Queens County Criminal Court. Plaintiff is directed to notify this court of the outcome of his criminal proceeding following its conclusion. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that

---

[4] The Complaint contains a general request for "declaratory and injunctive relief," but does not specifically request that this court interfere with the criminal case arising from the November Summons. Because this court interprets Plaintiff's Complaint to raise the strongest arguments it suggests, the court assumes that Plaintiff is primarily interested in money damages, rather than injunctive relief of the sort that would require dismissal of this action under Younger. See Younger, 401 U.S. at 359.

any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      March 11, 2010

/S/
NICHOLAS G. GARAUFIS
United States District Judge